

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:04-CR-128 |
| § | |
| RICHARD ALLEN § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Richard Allen, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #128) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on March 29, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

Judge Clark sentenced Mr. Allen on April 20, 2005, after Mr. Allen pled guilty to the offense of Possession with Intent to Distribute 500 Grams or More but Less than 5 Kilograms Grams of Cocaine, a Class B felony. The Court sentenced the defendant to 33 months imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, no indirect or direct contact with Charles Kainalu, Timbreza and Francisco Cavazos Rodriguez, or Francisco Correa Rodriguez; and a $100 mandatory special assessment. On December 21, 2006, Richard Allen completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that Mr. Allen violated a standard condition of his term of supervised release as follows:

*The defendant shall report to the probation officer as directed by the Court probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each week.*

Specifically, the petition alleges that Mr. Allen failed to report on February 1, 2008, as instructed by U.S. Probation Officer Terri Hagans in the Southern District of Texas. Letters were mailed to his residence advising him to report on February 25, 2008, and March 10, 2008. He failed to report on those dates and did not report for the month of April 2008. Additionally, he failed to report for the months of August, 2007, and November, 2007.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the above-stated allegations. Specifically, the Government would present evidence establishing that the defendant failed to report on February 1, 2008, as instructed by his probation officer. The Government would also establish that letter were mailed to his residence advising him to report on February 25, 2008, and March 10, 2008, but he failed to report on those dates as instructed, as well as failed to report for the month of April 2008. He also failed to report for the months of August and November 2007.

Defendant, Richard Allen, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to report to his probation officer in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervision by failing to report to his probation officer as directed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Allen pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **six (6) months** imprisonment, with no additional term of supervised release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of April, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE